IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| AZZ, INC. and THE CALVERT COMPANY, INC., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | CV 119-052 |
| SOUTHERN NUCLEAR OPERATING COMPANY, INC.; GEORGIA POWER COMPANY; OGLETHORPE POWER CORPORATION; MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA; THE CITY OF DALTON, GEORGIA, and WECTEC GLOBAL PROJECT SERVICES, INC., n/k/a STONE & WEBSTER, INC., | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

In this case arising out of work performed at the Alvin W. Vogtle Electric Generating Plant ("Plant Vogtle") in Waynesboro, Georgia, certain Defendants seek to have permanently sealed specified exhibits in the Joint Appendix, (doc. no. 127), because they "contain confidential and proprietary information related to contracts and other project documents used at" Plant Vogtle. (Doc. no. 131, p. 1.) Plaintiffs do not oppose the motion. (Id. at 2.)

Under Local Rule 79.7(d), "part[ies] seeking to have any matter placed under seal must rebut the presumption of the openness derived from the First Amendment by showing that closure is essential to preserve some higher interest and is narrowly tailored to serve that

interest."  As the Local Rules reflect, the filing of documents under seal is generally disfavored, because "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern, and the common-law right of access to judicial proceedings, an essential component of our system of justice, is instrumental in securing the integrity of the process."  Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (internal quotations and citations omitted).  "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."  Id. at 1246 (citing Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1309 (11th Cir. 2001) (*per curiam*)).  When balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

Id.

"[A] party's privacy or proprietary interest in information sometimes overcomes the interest of the public in accessing the information."  Id.  However, the parties' desire to seal court documents "'is immaterial' to the public right of access."  Id. at 1247 (quoting Brown v. Advantage Eng'g, Inc., 960 F.2d 1013, 1016 (11th Cir. 1992)).  In the absence of a third party challenging the protection of information, the Court serves as "the primary representative of the public interest in the judicial process," and must "review any request to seal the record (or part of it) [and] may not rubber stamp a stipulation to seal the record."  Estate of Martin Luther King, Jr., Inc. v. CBS, Inc., 184 F. Supp. 2d 1353, 1363 (N.D. Ga. 2002).

Upon consideration of these guiding principles, the Court finds it necessary to hold a hearing where defense counsel can review the documents one by one to explain why permanent sealing of the entirety of the specified exhibits is necessary. Accordingly, the Court will hold an *in camera* hearing with defense counsel on May 11, 2022, at 9:00 a.m., in Courtroom One at the Federal Justice Center, 600 James Brown Boulevard, Augusta, Georgia. Plaintiffs' counsel may attend, but they are not required to do so.

SO ORDERED this 2nd day of May, 2022, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA